IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY | § § § | |
| VS. | § § | |
| | § | C.A. NO. _9:04cv148_ |
| TONI KAY JACKSON, DOROTHY THOMAS, CAROLINE BROWN, AND CAROLYN BROWN | § § § § | **Judge Clark** |

**PLAINTIFF SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY'S
ORIGINAL COMPLAINT**

Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil

Procedure, Plaintiff Southern Farm Bureau Casualty Insurance Company ("Southern Farm

Bureau") brings this action for a declaratory judgment against Defendants Toni Kay Jackson,

Dorothy Thomas, Caroline Brown, and Carolyn Brown ("Defendants"), seeking a determination

by the Court that Southern Farm Bureau is not obligated to defend against or provide coverage

for the claims asserted against Defendant Jackson in the underlying lawsuit by Dorothy Thomas,

Caroline Brown, and Carolyn Brown against Toni Kay Jackson.

## I. PARTIES

1.      Plaintiff Southern Farm Bureau is an incorporated insurance company

licensed to do business in the state of Texas.  Its place of incorporation is Mississippi, and its

principal place of business is in Mississippi.  For purposes of diversity jurisdiction, it is thus a

citizen of Mississippi.  28 U.S.C. § 1332(c)(1).

2.      Defendant Toni Kay Jackson is an individual residing in Nacogdoches,

Nacogdoches County, Texas.  She may be served with process at 200 Fogle Road, Nacogdoches,

Texas  75945.  For purposes of diversity jurisdiction, she is a citizen of Texas.

3.      Defendant Dorothy Thomas is an individual residing in Center, Shelby County, Texas. She may be served with process at Route 1, Box 576, CR 2050, Center, Texas 75945. For purposes of diversity jurisdiction, she is a citizen of Texas

4.      Defendant Caroline Brown is an individual residing in Center, Shelby County, Texas. She may be served with process at Route 1, Box 576, CR 2050, Center, Texas 75945. For purposes of diversity jurisdiction, she is a citizen of Texas.

5.      Defendant Carolyn Brown is an individual residing in Center, Shelby County, Texas. She may be served with process at Route 1, Box 576, CR 2050, Center, Texas 75945. For purposes of diversity jurisdiction, she is a citizen of Texas.

## II. JURISDICTION

1.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. VENUE

1.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a). Defendant Jackson resides in this judicial district. Further, the underlying action is pending in state court located within this judicial district, and the automobile accident which forms the basis of the underlying action occurred in this judicial district. The plaintiffs in the underlying action all reside in this judicial district. As such, a substantial part of the events or omissions giving rise to Southern Farm Bureau's claim occurred in this judicial district.

## IV. FACTUAL BACKGROUND AND STATEMENT OF THE CASE

1.      Southern Farm Bureau brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. This is a declaratory

judgment action concerning whether or not there is a duty under the Policy to defend and indemnify Defendant Toni Kay Jackson in the underlying lawsuit pending against her.

2.      Defendant Toni Kay Jackson is a defendant in a case styled *Dorothy Thomas et al. v. Toni Kay Jackson*, Cause No. 02CV-27351, in the District Court of Shelby County, Texas ("the underlying action").   (Plaintiffs' First Amended Petition from the underlying action is attached as Exhibit A, and is incorporated herein for all purposes.)  Dorothy Thomas, Caroline Brown, and Carolyn Brown are plaintiffs in the underlying action; they seek both actual and punitive damages.  In the underlying action, the plaintiffs allege that on October 30, 2001, Defendant Jackson attempted to pass the vehicle in which they were traveling, striking the plaintiffs' vehicle and causing them to suffer bodily injuries.

3.      At the time of the accident, Defendant was driving a 1988 Nissan Maxima. The Nissan Maxima was previously owned by Skinner.  Southern Farm Bureau issued a standard Texas Personal Auto Policy, policy No. 20988246 (the "Policy"), to William Skinner ("Skinner").  (The Policy is attached as Exhibit B, and is incorporated herein for all purposes.) The vehicle was a "covered auto" under the Policy issued to Skinner while it was owned by him. Prior to the accident, however, Skinner and Defendant Jackson entered into a sales agreement, in which Skinner sold the Nissan Maxima to Defendant Jackson, who was to pay for the car in several installments.  Skinner and Jackson agreed on the terms of sale, and Jackson took possession of the vehicle.  Initially, Defendant Jackson made a down payment of $300.00 to Skinner, and she continued to make payments until after the accident from which the underlying action arises.

4.      From the time Defendant Jackson made her initial payment until after the accident, Defendant Jackson had exclusive control and possession of the vehicle.  From the time

of the initial payment until after the accident occurred, Skinner did not have possession or control of the vehicle. Similarly, Skinner placed no limitations on Defendant's use of the vehicle. Because Defendant Jackson had the exclusive right of possession and the power to control the use of the auto, Defendant Jackson was, in fact, the owner of the vehicle at the time of the accident.

5.      Because Skinner transferred his interest in the vehicle, the Nissan Maxima was no longer a "covered auto" under the Policy issued to Skinner by Southern Farm Bureau. Rather, the vehicle's owner was Toni Kay Jackson, and she was not insured by Farm Bureau. Moreover, the Policy is expressly not transferable. (Ex. A, at p. 12 "Transfer of Your Interest in this Policy.") As such, the policy does not provide coverage to Jackson for the accident in question. As a result, Southern Farm Bureau has no duty to defend or indemnify Defendant Jackson in the underlying action arising from the accident in which Defendant was involved.

## V. Declarations Sought

1.      Based upon the allegations contained in the underlying pleadings, the testimony in the underlying action, and the express provisions of the Policy, Southern Farm Bureau seeks a declaration that it has no duty to defend Defendant Toni Kay Jackson in the underlying action. This relief is sought because the pleadings and testimony establish that Skinner no longer owned the vehicle at the time of the accident, and therefore the Policy issued by Southern Farm Bureau does not provide coverage.

2.      Additionally, Southern Farm Bureau seeks a declaration that, independent of any duty to defend, it has no duty to indemnify Defendant Toni Kay Jackson as to any judgment which may result from the underlying action against her. The pleadings and testimony in the underlying action clearly establish that Skinner no longer owned the vehicle at the time of the accident. As a result, the vehicle was no longer a "covered auto" under the Policy.

## VI. ATTORNEYS' FEES

1.    Southern Farm Bureau requests that it be awarded its attorneys' fees and costs of court incurred in the prosecution of this action, and all other relief which is necessary or proper. 28 U.S.C. § 2202.

## VII. PRAYER

For these reasons, Southern Farm Bureau respectfully asks for judgment against Toni Kay Jackson, Dorothy Thomas, Caroline Brown, and Carolyn Brown for:

a.    a declaration that it has no obligation to defend Defendant Jackson in the underlying lawsuit styled *Dorothy Thomas et al. v. Toni Kay Jackson*, Cause No. 02CV-27351, in the District Court of Shelby County, Texas;

b.    a declaration that it has no obligation to indemnify Defendant Jackson as to any judgment against her in the underlying lawsuit styled *Dorothy Thomas et al. v. Toni Kay Jackson*, Cause No. 02CV-27351, in the District Court of Shelby County, Texas;

c.    attorneys' fees;

d.    costs of court; and

e.    all other relief to which it may be justly entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By _____
　　　Tynan Buthod
　　　State Bar No. 03513500
　　　Fed. I.D. No. 14036
　　　One Shell Plaza
　　　910 Louisiana Street
　　　Houston, Texas 77002-4995
　　　Telephone:  713.229.1912
　　　Facsimile:  713.229.2712

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

BAKER BOTTS L.L.P.

M. Shane Kimzey
State Bar No. 24002413
Fed. I.D. No. 21603
Russell Lewis
State Bar No. 24036968
One Shell Plaza
910 Louisiana
Houston, Texas  77002
(713) 229-1234
(713) 229-1522 (fax)



CAUSE NO. 02CV27,351

| | | |
|---|---|---|
| DOROTHY THOMAS, CAROLINE | § | IN THE DISTRICT COURT |
| BROWN and CAROLYN BROWN | § | |
| | § | |
| VS | § | OF |
| | § | |
| TONI KAY JACKSON | § | SHELBY COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DOROTHY THOMAS, CAROLINE BROWN and CAROLYN BROWN, hereinafter referred to as Plaintiffs, complaining of TONI KAY JACKSON, hereinafter referred to as Defendant, and for cause of action would respectfully show this Honorable Court and Jury the following:

1.

Plaintiffs assert that Level 2 of the discovery control plan applies in this cause of action and that discovery should be conducted in accordance with said level.

2.

Plaintiffs are resident citizens of Shelby County, Texas.

3.

Defendant, TONI KAY JACKSON, is a resident citizen of Shelby County, Texas, and may be served with process at Route 3, Box 3148, Center, Texas 75935.

PLAINTIFFS' ORIGINAL PETITION
PAGE 1

4.

On or about October 30, 2001, an accident occurred in Shelby County, Texas, when Defendant, TONI KAY JACKSON, proceeded to pass the vehicle in which Plaintiffs were traveling and struck Plaintiffs' vehicle causing injuries to the Plaintiffs.  The vehicle Defendant was driving at the time of the wreck was a 1988 Nissan Maxima, VIN JN1HU15P3JX087682 that was owned by and registered and titled in the name of William Skinner, and insured by Skinner by a policy of liability insurance issued by Southern Farm Bureau Casualty Insurance Company, policy number 20988246. Defendant was driving with Skinner's knowledge and permission, being as Skinner, as the vehicle's owner, had the right of possession and control of the vehicle at all times.

5.

The accident resulted from the negligence of the Defendant in one or more of the following particulars:

(1)   Passing in a no passing zone;

(2)   Failing to keep a proper lookout;

(3)   Failing to control the vehicle she was driving;

(4)   Failing to react and/or respond in a reasonable manner.

Each of the above and foregoing acts constituted negligence, and acting either singularly or concurrently were a proximate cause

PLAINTIFFS' ORIGINAL PETITION
PAGE 2

of the collision made the basis of this action and Plaintiff's injuries and damages.

Further, the above and foregoing acts and omissions constituted negligence per se, in that, Defendant violated the Texas Traffic Regulations including Section 545.055. Defendant is therefore negligent as a matter of law; and which said negligence was a proximate cause of Plaintiff's injuries and damages.

6.

As a proximate result of said accident, Plaintiff, DOROTHY THOMAS, suffered bodily injuries. Her injuries have caused her to suffer physical pain and mental anguish and she will in all reasonable probability continue to suffer from such physical pain and mental anguish for a long time in the future, if not for the balance of her natural life. As a result of her injuries, she has sustained and will continue to sustain physical impairment.

On the date of the occurrence made the basis of this action, Plaintiff, DOROTHY THOMAS, was a woman of the age of fifty-five years and had a life expectancy of (24.5) years according to the Standard Ordinary Tables of Mortality of the U. S. Department of Health and Human Services.

Prior to the accident, Plaintiff was able to and did perform housework and other household duties at her home. After such

accident and resulting injuries, she has been unable to do such household duties. On account of the nature, seriousness and severity of her injuries, Plaintiff has required medical care. She has been required to pay and incur liability to pay the charges which have been made for such medical services. The charges which have been made and which will be made for services rendered have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered. All of such services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of this occurrence.

By reason of the foregoing, Plaintiff, DOROTHY THOMAS, has sustained and will sustain damages in an amount in excess of the minimum jurisdictional limits of this Court.

7.

As a proximate result of said accident, Plaintiff, CAROLINE BROWN, suffered bodily injuries. Her injuries have caused her to suffer physical pain and mental anguish and she will in all reasonable probability continue to suffer from such physical pain and mental anguish for a long time in the future, if not for the

balance of her natural life.  As a result of her injuries, she has sustained and will continue to sustain physical impairment.

On the date of the occurrence made the basis of this action, Plaintiff, CAROLINE BRONW, was a woman of the age of seventy-eight years and had a life expectancy of (9.5) years according to the Standard Ordinary Tables of Mortality of the U. S. Department of Health and Human Services.  Prior to the accident, Plaintiff was able to and did perform housework and other household duties at her home.  After such accident and resulting injuries, she has been unable to do such household duties. On account of the nature, seriousness and severity of her injuries, Plaintiff has required medical care.  She has been required to pay and incur liability to pay the charges which have been made for such medical services. The charges which have been made and which will be made for services rendered have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered.  All of such services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of this occurrence.

By reason of the foregoing, Plaintiff, CAROLINE BROWN, has sustained and will sustain damages in an amount in excess of the minimum jurisdictional limits of this Court.

8.

As a proximate result of said accident, Plaintiff, CAROLYN BROWN, suffered bodily injuries. Her injuries have caused her to suffer physical pain and mental anguish and she will in all reasonable probability continue to suffer from such physical pain and mental anguish for a long time in the future, if not for the balance of her natural life. As a result of her injuries, she has sustained and will continue to sustain physical impairment.

On the date of the occurrence made the basis of this action, Plaintiff, CAROLYN BROWN, was a woman of the age of thirty-five years and had a life expectancy of (41.6) years according to the Standard Ordinary Tables of Mortality of the U. S. Department of Health and Human Services. Prior to the accident, Plaintiff was able to and did perform housework and other household duties at her home. After such accident and resulting injuries, she has been unable to do such household duties. On account of the nature, seriousness and severity of her injuries, Plaintiff has required medical care. She has been required to pay and incur liability to pay the charges which have been made for such medical services. The

charges which have been made and which will be made for services rendered have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered. All of such services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of this occurrence.

By reason of the foregoing, Plaintiff, CAROLYN BROWN, has sustained and will sustain damages in an amount in excess of the minimum jurisdictional limits of this Court.

9.

Plaintiff would further show the Court that Defendant's conduct made the basis of this suit was committed with malice. Further, a reasonable prudent person in the same or similar position as said Defendant at the time of the occurrence would have realized that her conduct created an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including the Plaintiffs, and said Defendant had actual knowledge and awareness of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety or welfare of others, including the Plaintiffs. Plaintiffs seek punitive damages in an amount of four times their actual damages.

PLAINTIFFS' ORIGINAL PETITION
PAGE 7

11.

Plaintiffs also seek to recover prejudgment interest pursuant to Texas Finance Code Section 304.101-08.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein, that upon final trial herein Plaintiffs recover judgment of and from the Defendant for the amount of their damages as specified above; that they recover their costs, prejudgment and postjudgment interest at legal rate until paid, statutory penalties, attorney's fees, and have such other and further relief, both general and special, at law or in equity, to which they may show themselves justly entitled under all the attending facts and circumstances.

Respectfully submitted,

LAW OFFICE OF DON WHEELER
101 Tenaha Street
P. O. Box 1687
Center, Texas  75935
Telephone No.:  (936) 598-2925
Facsimile No.:  (936) 598-7024


By
    DON WHEELER
    Texas Bar No. 21256200

ATTORNEY FOR PLAINTIFFS



# TEXAS PERSONAL AUTO POLICY



**FARM BUREAU** · TEXAS

| SOUTHERN | TEXAS | TEXAS |
|---|---|---|
| **FARM BUREAU** | **FARM BUREAU** | **FARM BUREAU** |
| **CASUALTY INSURANCE CO.** | **MUTUAL INSURANCE CO.** | **UNDERWRITERS** |
| STATE OFFICE | STATE OFFICE | STATE OFFICE |
| 7420 FISH POND ROAD | 7420 FISH POND ROAD | 7420 FISH POND ROAD |
| WACO, TEXAS | WACO, TEXAS | WACO, TEXAS |

## YOUR TEXAS PERSONAL AUTO POLICY – QUICK REFERENCE

### DECLARATIONS PAGE

Name of Insurance Company
Your Name and Address
Your Auto or Trailer
Policy Period
Coverage and Amounts of Insurance

**Beginning On Page**

AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . 4

DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . 4

PART A   Liability Coverage . . . . . . . . . . . . . . . . . . . . 4

    Insuring Agreement
    Supplementary Payments
    Exclusions
    Limit of Liability
    Out of State Coverage
    Financial Responsibility Required
    Other Insurance

PART B1   Medical Payments Coverage . . . . . . . . 6
    Insuring Agreement
    Exclusions
    Limit of Liability
    Other Insurance
    Assignment of Benefits

PART B2   Personal Injury Protection Coverage . . . . 7
    Insuring Agreement
    Exclusions
    Limit of Liability
    Other Insurance
    Other Provisions
    Assignment of Benefits

PART C   Uninsured/Underinsured Motorists
    Coverage . . . . . . . . . . . . . . . . 8
    Insuring Agreement
    Exclusions

**Beginning On Page**

    Limit of Liability
    Other Insurance

PART D   Coverage for Damage to Your Auto . . . . 9
    Insuring Agreement
    Transportation Expenses
    Exclusions
    Limit of Liability
    Payment of Loss
    No Benefit to Bailee
    Other Insurance
    Appraisal

PART E   Duties After an Accident or Loss . . . . . 11
    General Duties
    Additional Duties for
      Uninsured/Underinsured
      Motorists Coverage
    Additional Duties for Coverage
      for Damage to Your Auto

PART F   General Provisions . . . . . . . . . . . . . 12
    Bankruptcy
    Changes
    Legal Action Against Us
    Our Right to Recover Payment
    Policy Period and Territory
    Termination
    Transfer of Your Interest in this Policy
    Two or More Auto Policies

WE AGREE TO MAKE AVAILABLE TO YOU AN INSTALLMENT PAYMENT
PLAN AS DESCRIBED IN THE TEXAS AUTOMOBILE RULES AND RATING MANUAL.

Form 20001
102-157 11/93

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may call Texas Farm Bureau Mutual, Southern Farm Bureau Casualty, or Texas Farm Bureau Underwriter's toll-free telephone number for information or to make a complaint at

### 1-800-772-6535

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

### 1-800-252-3439

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener informacion o para someter una queja:

Usted puede llamar al numero de telefono gratis de Texas Farm Bureau Mutual, Southern Farm Bureau Casualty, or Texas Farm Bureau Underwriter para informacion o para someter una queja al

### 1-800-772-6535

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento TDI.

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

# IMPORTANT NOTICE

# NON-RENEWALS FOR NOT-AT-FAULT ACCIDENTS OR CLAIMS
## (28 TAC §5.7016)

We may not use any of the following types of accidents or claims as the only reason for refusing to renew your personal auto policy:

1. a claim involving damage from a weather-related incident that does not involve a collision (some examples being hail, flood, tornado, winds or hurricanes);

2. an accident or claim involving damage by contact with an animal or a fowl;

3. an accident or claim involving damage caused by flying gravel, missiles or falling objects; however, if you have three of these losses in any 36-month period, we may increase your deductible to the higher of $250 or the next available deductible increment higher than your present deductible amount, at your renewal date;

4. a claim under towing and labor protection; however, if you have four claims of this type in any 36-month period, we have the option of eliminating this coverage from your policy;

5. any other not-at-fault accident or claim unless there are two or more of these accidents or claims in any 12-month period.

"Refusal to renew" means our refusal to renew your personal auto policy in the same company which originally issued the policy.

To the extent of any possible conflict between this notice and the Texas Administrative Code (28 TAC §5.7016), the latter will be controlling.

---

## Automobile Theft Prevention Authority Notice

**NOTICE:  The Automobile Theft Prevention Authority fee is payable in addition to the premium due under this policy. This fee reimburses the insurer, as permitted by 28 TAC §5.205, for the $1.00 fee per motor vehicle year required to be paid to the Automobile Theft Prevention Fund under Texas Civil Statutes, Article 4413(37), §10, which became effective on June 6, 1991.**

---

# XAS PERSONAL AUTO PO ;Y

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:
  1. The "named insured" shown in the Declarations, and
  2. The spouse if a resident of the same household.
B. "We", "us" and "our" refer to the company providing this insurance.
C. For purposes of this policy, a private passenger type auto or pickup or van shall be deemed to be owned by a person if leased:
  1. Under a written agreement to that person; and
  2. For a continuous period of at least six months.
Other words and phrases are defined. They are boldfaced when used.
D. "Family member" means a person who is a resident of your household and related to you by blood, marriage or adoption. This definition includes a ward or foster child who is a resident of your household, and also includes your spouse even when not a resident of your household during a period of separation in contemplation of divorce.
E. "Occupying" means in, upon, getting in, on, out or off.
F. "Trailer" means a vehicle designed to be pulled by a:
  1. Private passenger auto; or
  2. Pickup or van.
It also means a farm wagon or farm implement while towed by a vehicle listed in F.1. or F.2. above.
G. "Your covered auto" means:
  1. Any vehicle shown in the Declarations;
  2. I. Any of the following types of vehicles on the date you became the owner:
    a. a private passenger auto; or
    b. a pickup or van with a G.V.W. of 10,000 lbs. or less not used for the delivery or transportation of goods, materials or supplies other than samples; unless, (1) the delivery of goods, materials or supplies is not the primary usage of the vehicle, or (2) used for farming or ranching.
  II. This provision (G.2) applies only if you:
    a. acquire the vehicle during the policy period; and
    b. notify us within 30 days after you become the owner.
    If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must notify us of a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.
    If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broade.. coverage we now provide for any vehicle shown in the Declarations.
  3. Any trailer you own.
  4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its
    a. breakdown;
    b. repair;
    c. servicing;
    d. loss; or
    e. destruction.
H. "Business day" means a day other than a Saturday, Sunday or holiday recognized by the state of Texas.

## PART A – LIABILITY COVERAGE

**INSURING AGREEMENT**

A. We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest awarded against the covered person. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.
B. "Covered person" as used in this Part means:
  1. You or any family member for the ownership, maintenance or use of any auto or trailer.
  2. Any person using your covered auto.
  3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
  4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or trailer.

**SUPPLEMENTARY PAYMENTS**

In addition to our limit of liability, we will pay on behalf of a covered person:
  1. Up to $250 for the cost of bail bonds required because of an accident including related traffic law violatic The accident must result in bodily injury or property damage covered under this policy.
  2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
  3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

1. Up to $50 a day for loss of earnings but only if your income because of attendance at hearings or trials at our request.
5. Other reasonable expenses incurred at our request.

**EXCLUSIONS**

A. We do not provide Liability Coverage for any person:
1. Who intentionally causes bodily injury or property damage;
2. For damage to property owned or being transported by that person;
3. I. For damage to property:
   a. rented to;
   b. used by; or
   c. in the care of;
   that person.
   II. This exclusion (A.3.I.) does not apply to damage to:
   a. a residence or private garage; or
   b. any of the following type vehicles not owned by or furnished or available for the regular use of you or any **family member**:
   (1) private passenger autos;
   (2) **trailers**; or
   (3) pickups or vans.
   However, the exclusion 3.I. does apply to a loss due to or as a consequence of a seizure of an auto listed in 3.II.b. by a federal or state law enforcement officers as evidence in a case against you under the Texas Controlled Substances Act or the federal Controlled Substances Act if you are convicted in such case.
4. For bodily injury to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to bodily injury to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
5. For that person's liability arising out of the ownership or operation of a vehicle while it is;
   a. being used to carry persons for a fee; this does not apply to a share-the-expense car pool.
   b. being used to carry property for a fee; this does not apply to you or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
   c. rented or leased to another; this does not apply if you or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.
6. While employed or otherwise engaged in the business or occupation of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;
   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:
   1. you;
   2. any **family member**; or
   3. any partner, agent or employee of you or any **family member**.
7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:
   a. private passenger auto;
   b. pickup or van that is **your covered auto**; or
   c. **trailer** used with a vehicle described in 7.a. or 7.b. above.
8. Using a vehicle without a reasonable belief that that person is entitled to do so.
   This exclusion (8.) does not apply to you or any **family member** while using **your covered auto**.
9. I. For bodily injury or property damage for which that person:
   a. is an insured under a nuclear energy liability policy; or
   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.
   II. A nuclear energy liability policy is a policy issued by any of the following or their successors:
   a. American Nuclear Insurers;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:
1. Any motorized vehicle having fewer than four wheels;
2. Any vehicle, other than **your covered auto**, which is:
   a. owned by you; or
   b. furnished or available for your regular use.
3. I. Any vehicle, other than **your covered auto**, which is:
   a. owned by any **family member**; or
   b. furnished or available for the regular use of any **family member**.
   II. However, this exclusion (B.3.) does not apply to your maintenance or use of any vehicle which is:
   a. owned by a **family member**; or
   b. furnished or available for the regular use of a **family member**.

C. We do not provide Liability Coverage for you or any **family member** for bodily injury to you or any **family member**.

| | |
|---|---|
| **LIMIT OF LIABILITY** | A. If separate ...nits of liability for bodily injury and property dam... liability are shown in the Declarations for this coverage the limit of liability for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for property damage liability is our maximum limit liability for all damages to all property resulting from any one auto accident.<br>If the limit of liability shown in the Declarations for this coverage is for combined bodily injury and property damage liability, it is our maximum limit of liability for all damages resulting from any one auto accident.<br>This is the most we will pay regardless of the number of:<br>1. **Covered persons;**<br>2. Claims made;<br>3. Vehicles or premiums shown in the Declarations; or<br>4. Vehicles involved in the auto accident.<br>We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.<br>B. Any payment under the Uninsured/Underinsured Motorists Coverage or the Personal Injury Protection Coverage of this policy to or for a **covered person** will reduce any amount that person is entitled to recover under this coverage. |
| **OUT OF STATE COVERAGE** | If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:<br>A. If the state or province has:<br>1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit.<br>2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.<br>B. No one will be entitled to duplicate payments for the same elements of loss. |
| **FINANCIAL RESPONSIBILITY REQUIRED** | When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. |
| **OTHER INSURANCE** | If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.<br>However, any liability insurance we provide to a **covered person** for the maintenance or use of a vehicle you do not own shall be excess over any other applicable liability insurance. |

## PART B1 – MEDICAL PAYMENTS COVERAGE

| | |
|---|---|
| **INSURING AGREEMENT** | A. We will pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury:<br>1. Caused by accident; and<br>2. Sustained by a **covered person.**<br>We will pay only those expenses incurred within three years from the date of the accident.<br>B. "Covered person" as used in this Part means:<br>1. You or any **family member:**<br>a. while **occupying;** or<br>b. when struck by;<br>a motor vehicle designed for use mainly on public roads or a **trailer** of any type.<br>2. Any other person while **occupying your covered auto.** |
| **EXCLUSIONS** | We do not provide Medical Payments Coverage for any person for bodily injury:<br>1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.<br>2. Sustained while **occupying your covered auto** when it is:<br>a. being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or<br>b. being used to carry property for a fee; this does not apply to you or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or<br>c. rented or leased to another; this does not apply if you or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.<br>3. Sustained while **occupying** any vehicle located for use as a residence or premises.<br>4. Occurring during the course of employment if workers' compensation benefits are required or available for the bodily injury.<br>5. Sustained while **occupying** or, when struck by, any vehicle (other than **your covered auto**) which is:<br>a. owned by you; or<br>b. furnished or available for your regular use.<br>6. Sustained while **occupying** or, when struck by, any vehicle (other than **your covered auto**) which is:<br>a. owned by any **family member;** or<br>b. furnished or available for the regular use of any **family member.**<br>However, this exclusion (6.) does not apply to you.<br>7. Sustained while **occupying** a vehicle without a reasonable belief that person is entitled to do so. Ti exclusion (7.) does not apply to you or any **family member** while using **your covered auto.**<br>8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person.** This exclusion (8.) does not apply to bodily injury sustained while **occupying** a:<br>a. private passenger auto; |

b. pickup or van that you own; or
     ... used with a vehicle described in (8.a. or 8.b.) a...
   9. Cause ... y or as a consequence of:
      **a.** discharge of a nuclear weapon (even if accidental);
      **b.** war (declared or undeclared);
      **c.** civil war;
      **d.** insurrection; or
      **e.** rebellion or revolution.
  10. From or as a consequence of the following whether controlled or uncontrolled or however caused:
      **a.** nuclear reaction;
      **b.** radiation; or
      **c.** radioactive contamination.

| | |
|---|---|
| **LIMIT OF LIABILITY** | **A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we pay regardless of the number of: <br> **1. Covered persons;** <br> **2.** Claims made; <br> **3.** Vehicles or premiums shown in the Declarations; or <br> **4.** Vehicles involved in the accident. <br> **B.** Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under any Auto Liability or Uninsured/Underinsured Motorists Coverage provided by this policy. <br> **C.** No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under any Auto Liability or Uninsured/Underinsured Motorists Coverage provided by this policy. |
| **OTHER INSURANCE** | If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses. |
| **ASSIGNMENT OF BENEFITS** | Payments for medical expenses will be paid directly to a physician or other health care provider if we receive a written assignment signed by the **covered person** to whom such benefits are payable. |

## PART B2 – PERSONAL INJURY PROTECTION COVERAGE

| | |
|---|---|
| **INSURING AGREEMENT** | **A.** We will pay Personal Injury Protection benefits because of bodily injury: <br> **1.** resulting from a motor vehicle accident; and <br> **2.** sustained by a **covered person.** <br> Our payment will only be for losses or expenses incurred within three years from the date of accident. <br> **B.** Personal Injury Protection benefits consist of: <br> **1.** Reasonable expenses incurred for necessary medical and funeral services. <br> **2. I.** Eighty percent of a **covered person's** loss of income from employment. These benefits apply only if, at the time of the accident, the **covered person** <br> **a.** was an income producer; and <br> **b.** was in an occupational status. <br> These benefits do not apply to any loss after the **covered person** dies. <br> **II.** Loss of income is the difference between <br> **a.** income which would have been earned had the **covered person** not been injured; and <br> **b.** the amount of income actually received from employment during the disability. <br> **III.** If the income being earned as of the date of accident is a salary or fixed remuneration, it shall be used in determining the amount of income which would have been earned. Otherwise, the average monthly income earned during the period (not more than 12 months) preceding the accident shall be used. <br> **3. I.** Reasonable expenses incurred for obtaining services. These services must replace those a **covered person** would normally have performed: <br> **a.** without pay; <br> **b.** during a period of disability; and <br> **c.** for the care and maintenance of the family or household. <br> **II.** These benefits apply only if, at the time of the accident, the **covered person:** <br> **a.** was not an income producer; and <br> **b.** was not in an occupational status. <br> The benefits do not apply to any loss after the **covered person** dies. <br> **C.** "Covered person" as used in this Part means: <br> **1.** You or any **family member:** <br> **a.** while **occupying;** or <br> **b.** when struck by; <br> a motor vehicle designed for use mainly on public roads or a **trailer** of any type. <br> **2.** Any other person while **occupying your covered auto** with your permission. |
| **EXCLUSIONS** | We do not provide Personal Injury Protection Coverage for any person for bodily injury sustained: <br> **1.** In an accident caused intentionally by that person. <br> **2.** By that person while in the commission of a felony. <br> **3.** By that person while attempting to elude arrest by a law enforcement official. <br> **4.** While **occupying,** or when struck by, any motor vehicle (other than **your covered auto**) which is owned by you. |

5. By a fa   / member while **occupying**, or when struck b;   / motor vehicle (other than **your covered auto**) which is owned by a **family member**.

| | |
|---|---|
| **LIMIT OF LIABILITY** | The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:<br>1. **Covered persons;**<br>2. Claims made;<br>3. Vehicles or premiums shown in the Declarations; or<br>4. Vehicles involved in the accident. |
| **OTHER INSURANCE** | If there is other Personal Injury Protection Insurance, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible Personal Injury Protection insurance. |
| **OTHER PROVISIONS** | **A. Loss Payments.** Benefits are payable:<br>1. Not more frequently than every two weeks; and<br>2. Within 30 days after satisfactory proof of claim is received.<br>**B. Modification.** The General Provision part of this policy entitled "Our Right To Recover Payment" does not apply to this coverage. |
| **ASSIGNMENT OF BENEFITS** | Payments for medical expenses will be paid directly to a physician or other health care provider if we receive a written assignment signed by the **covered person** to whom such benefits are payable. |

## PART C – UNINSURED/UNDERINSURED MOTORISTS COVERAGE

| | |
|---|---|
| **INSURING AGREEMENT** | A. We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by a **covered person**, or **property damage**, caused by an accident.<br>The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.<br>Any judgment for damages arising out of a suit brought without our written consent is not binding on us. If we and you do not agree as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on us.<br>B. "Covered person" as used in this Part means:<br>1. You or any **family member;**<br>2. Any other person **occupying your covered auto;**<br>3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in B.1. or B.2. above.<br>C. "Property damage" as used in this Part means injury to, destruction of or loss of use of:<br>1. **Your covered auto**, not including a temporary substitute auto.<br>2. Any property owned by a person listed in B.1. or B.2. of **covered person** while contained in **your covered auto.**<br>3. Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member**.<br>D. I. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type,<br>   1. To which no liability bond or policy applies at the time of the accident,<br>   2. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:<br>     a. you or any **family member;**<br>     b. a vehicle which you or any **family member** are **occupying**; or<br>     c. **your covered auto.**<br>   3. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:<br>     a. denies coverage; or<br>     b. is or becomes insolvent.<br>   4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:<br>     a. is not enough to pay the full amount the **covered person** is legally entitled to recover as damages; or<br>     b. has been reduced by payment of claims to an amount which is not enough to pay the full amount the **covered person** is legally entitled to recover as damages.<br>II. However, "uninsured motor vehicle" does not include any vehicle or equipment:<br>   1. Owned by or furnished or available for the regular use of you or any **family member**.<br>   2. Owned or operated by a self-insurer under any applicable motor vehicle law.<br>   3. Owned by any governmental body unless:<br>     a. the operator of the vehicle is uninsured; and<br>     b. there is no statute imposing liability for damage because of bodily injury or **property damage** on the governmental body for an amount not less than the limit of liability for this coverage.<br>   4. Operated on rails or crawler treads.<br>   5. Designed mainly for use off public roads while not on public roads.<br>   6. While located for use as a residence or premises. |
| **EXCLUSIONS** | A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:<br>1. For bodily injury sustained while **occupying**, or when struck by, any motor vehicle or trailer of any typ... owned by you or any **family member** which is not insured for this coverage under this policy. |

3. When **y**. **covered auto** is:
   **a.** being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or
   **b.** being used to carry property for a fee; this does not apply to you or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
   **c.** rented or leased to another; this does not apply if you or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.
4. For the first $250 of the amount of damage to the property of that person as the result of any one accident.
5. Using a vehicle without a reasonable belief that the person is entitled to do so. This exclusion (A.5.) does not apply to you or any **family member** while using **your covered auto**.
6. For bodily injury or **property damage** resulting from the intentional acts of that person.

**B.** This coverage shall not apply directly or indirectly to benefit:
1. Any insurer or self-insurer under any workers' compensation, disability benefits or similar law;
2. Any insurer of property.

---

**LIMIT OF LIABILITY**

**A. I.** If separate limits of liability for bodily injury and **property damage** liability are shown in the Declarations for this coverage the limit of liability for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one motor vehicle accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one motor vehicle accident. The limit of liability shown in the Declarations for "each accident" for **property damage** liability is our maximum limit of liability for all damages to all property resulting from any one motor vehicle accident.

If the limit of liability shown in the Declarations for this coverage is for combined bodily injury and **property damage** liability, it is our maximum limit of liability for all damages resulting from any one motor vehicle accident.

This is the most we will pay regardless of the number of:
**a. Covered persons;**
**b.** Claims made;
**c.** Policies or bonds applicable;
**d.** Vehicles or premiums shown in the Declarations; or
**e.** Vehicles involved in the accident.

**II.** Subject to this maximum, our limit of liability will be the lesser of:
**a.** The difference between the amount of a **covered person's** damages for bodily injury or **property damage** and the amount paid or payable to that **covered person** for such damages, by or on behalf of persons or organizations who may be legally responsible; and
**b.** The applicable limit of liability for this coverage.

**B.** In order to avoid insurance benefits payments in excess of actual damages sustained, subject only to the limits set out in the Declarations and other applicable provisions of this coverage, we will pay all covered damages not paid or payable under any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or Personal Injury Protection Coverage.

**C.** Any payment under this coverage to or for a **covered person** will reduce any amount that person is entitled to recover for the same damages under the Liability Coverage of this policy.

---

**OTHER INSURANCE**

**A.** If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**B.** For any **property damage** to which the Coverage for Damage to Your Auto of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:
1. Neither one by itself is sufficient to cover the loss;
2. You pay the higher deductible amount (but you do not have to pay both deductibles); and
3. You will not recover more than the actual damages.

---

## PART D – COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

**A.** We will pay for direct and accidental loss to **your covered auto**, including its equipment less any applicable deductible shown in the Declarations. However, we will pay for loss caused by **collision** only if the Declarations indicate that **collision** Coverage is provided.

**B.** "Collision" means the upset, or **collision** with another object of **your covered auto**. However, loss caused by the following are not considered **"collision"**:
| | | | |
|---|---|---|---|
| **1.** | Missiles or falling objects; | **6.** | Hail, water or flood; |
| **2.** | Fire; | **7.** | Malicious mischief or vandalism; |
| **3.** | Theft or larceny; | **8.** | Riot or civil commotion; |
| **4.** | Explosion or earthquake; | **9.** | Contact with bird or animal; or |
| **5.** | Windstorm. | **10.** | Breakage of glass. |

If breakage of glass is caused by a **collision** or if loss is caused by contact with a bird or animal, you may elect to have it considered a loss caused by **collision**.

---

**TRANSPORTATION EXPENSES**

In addition, we will pay up to $20 per day, to a maximum of $600 for transportation expenses incurred by you. This applies only in the event of the total theft of **your covered auto**. We will pay only transportation expenses incurred during the period:
1. Beginning 48 hours after the theft; and
2. Ending when **your covered auto** is returned to use or we pay for its loss.

**EXCLUSIONS**      We will not 〴 for:

1. Loss to **your covered auto** while it is:
   a. being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or
   b. being used to carry property for a fee; this does not apply to you or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
   c. rented or leased to another; this does not apply if you or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.
2. Damage due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical or electrical breakdown or failure; or
   d. road damage to tires.
   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto**.
3. Loss due to or as a consequence of:
   a. radioactive contamination;
   b. discharge of any nuclear weapon (even if accidental);
   c. war (declared or undeclared);
   d. civil war;
   e. insurrection; or
   f. rebellion or revolution.
4. Loss to stereos, radios, and other sound reproducing equipment. This exclusion (4.) does not apply if the equipment is permanently installed in **your covered auto.**
5. Loss to tapes, records or other devices for use with equipment designed for the reproduction of sound.
6. Loss to a camper body or **trailer** not shown in the Declarations. This exclusion (6.) does not apply to a camper body or **trailer** you:
   a. acquire during the policy period; and
   b. notify us within thirty days after you become the owner.
7. Loss to any vehicle while used as a temporary substitute for a vehicle you own which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.
8. When in or upon any **trailer**, loss to:
   a. TV antennas;
   b. awnings or cabanas; or
   c. equipment designed to create additional living facilities.
9. Loss to any of the following or their accessories:
   a. citizens band radio;
   b. two-way mobile radio;
   c. telephone;
   d. scanning monitor receiver; or
   e. any device or instrument used for detection of radar or other speed measuring equipment.
   This exclusion (9.) does not apply if the equipment is permanently installed in the opening of the dash or console of the auto. This opening must be normally used by the auto manufacturer for the installation of a radio.
10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
    a. special carpeting and insulation, furniture, bars or television receivers;
    b. facilities for cooking and sleeping;
    c. height-extending roofs; or
    d. custom murals, paintings or other decals or graphics.
    This exclusion (10.) does not apply if the value of the custom furnishings or equipment has been reported to us prior to a loss and included in the premium for this coverage.
11. Loss due to or as a consequence of a seizure of **your covered auto** by federal or state law enforcement officers as evidence in a case against you by the Texas Controlled Substances Act or the federal Controlled Substances Act if you are convicted in such case.

**LIMIT OF LIABILITY**    Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property;
2. Amount necessary to repair or replace the property with other of like kind and quality; or
3. Amount stated in the Declarations of this policy.

The most we will pay for loss to equipment listed in Exclusion 4. is $1500. Our payment for loss will be reduced by any applicable deductible shown in the Declarations.

**PAYMENT OF LOSS**    We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

| NO BENEFIT TO BAILEE | This insurance shall not directly or indirectly benefit any carrier or other bailee for hire. |
|---|---|
| **OTHER INSURANCE** | **A.** If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.<br>**B.** For any loss to which Uninsured/Underinsured Motorists Coverage (from this or any other policy) and this coverage both apply, you may choose the coverage from which damages will be paid.<br>You may recover under both coverages, but only if:<br>  **1.** Neither one by itself is sufficient to cover the loss;<br>  **2.** You pay the higher deductible amount (but you do not have to pay both deductibles); and<br>  **3.** You will not recover more than the actual damages. |
| **APPRAISAL** | If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:<br>  **1.** Pay its chosen appraiser; and<br>  **2.** Bear the expenses of the appraisal and umpire equally.<br>We do not waive any of our rights under this policy by agreeing to an appraisal. |

## PART E – DUTIES AFTER AN ACCIDENT OR LOSS

| **GENERAL DUTIES** | **A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.<br>**B.** A person seeking any coverage must:<br>  **1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.<br>  **2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.<br>  **3.** Submit, as often as we reasonably require, to physical exams by physicians we select. We will pay for these exams.<br>  **4.** Authorize us to obtain:<br>    **a.** medical records which are reasonably related to the injury or damage asserted; and<br>    **b.** other pertinent records.<br>  **5.** Submit a proof of loss when required by us.<br>    **a.** submit a sworn proof of loss;<br>    **b.** submit to examination under oath.<br>**C.** Within 15 days after we receive your written notice of claim, we must:<br>  **1.** acknowledge receipt of the claim.<br>    If our acknowledgement of the claim is not in writing, we will keep a record of the date, method and content of our acknowledgement.<br>  **2.** begin any investigation of the claim.<br>  **3.** specify the information you must provide in accordance with paragraph B. above.<br>    We may request more information, if during the investigation of the claim such additional information is necessary.<br>**D.** After we receive the information we request, we must notify you in writing whether the claim will be paid or has been denied or whether more information is needed:<br>  **1.** within 15 **business days**; or<br>  **2.** within 30 days if we have reason to believe the loss resulted from arson.<br>**E.** If we do not approve payment for your claim or require more time for processing your claim, we must:<br>  **1.** give the reasons for denying your claim, or<br>  **2.** give the reasons we require more time to process your claim. But, we must either approve or deny your claim within 45 days after our requesting more time.<br>**F.** In the event of a weather-related catastrophe or major natural disaster, as defined by the Texas Department of Insurance, the claim-handling deadlines as stated above are extended for an additional 15 days.<br>**G.** Loss Payment<br>  **1.** If we notify you that we will pay your claim, or part of your claim, we must pay within **5 business days** after we notify you.<br>  **2.** If payment of your claim or part of your claim requires the performance of any act by you, we must pay within **5 business days** after the date you perform the act.<br>**H.** Notice of Settlement of Liability Claim<br>  **1.** We will notify you in writing if any initial offer to compromise or settle a claim against you under the liability section of this policy. We will give you notice within 10 days after the date the offer is made.<br>  **2.** We will notify you in writing of any settlement of a claim against you under the liability section of this policy. We will give you notice within 30 days after the date of the settlement. |
| **ADDITIONAL DUTIES FOR UNINSURED/ UNDERINSURED MOTORISTS COVERAGE** | A person seeking Uninsured/Underinsured Motorists Coverage must also:<br>  **1.** Promptly notify the police if a hit and run driver is involved;<br>  **2.** Promptly send us copies of the legal papers if a suit is brought;<br>  **3.** Take reasonable steps after loss, at our expense, to protect damaged property from further loss; and<br>  **4.** Permit us to inspect and appraise the damaged property before its repair or disposal. |

| | |
|---|---|
| **ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO** | A person seeking Coverage for Damage to Your Auto must do:<br>1. Take reasonable steps after loss, to protect **your covered auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this;<br>2. Promptly notify the police if **your covered auto** is stolen; and<br>3. Permit us to inspect and appraise the damaged property before its repair or disposal. |

## PART F – GENERAL PROVISIONS

| | |
|---|---|
| **BANKRUPTCY** | Bankruptcy or insolvency of the **covered person** shall not relieve us of any obligations under this policy. |
| **CHANGES** | A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.<br>B. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change in accordance with rules prescribed by the Texas Department of Insurance or its successor. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:<br>1. The number, type or use classification of the insured autos;<br>2. Operators using insured autos;<br>3. The place of principal garaging of insured autos;<br>4. Coverage, deductible or limits.<br>C. If this policy form is revised to provide more coverage without additional premium charge, we will automatically provide the additional coverage as of the date the revision is effective.<br>D. We will compute the premium at the rates in effect on each anniversary date of the policy's inception date for a policy written for more than a full year. |
| **LEGAL ACTION AGAINST US** | A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Liability Coverage, no legal action may be brought against us until:<br>1. We agree in writing that the **covered person** has an obligation to pay; or<br>2. The amount of that obligation has been finally determined by judgment after trial.<br>B. No person or organization has any right under this policy to bring us into any action to determine the liability of a **covered person.** |
| **OUR RIGHT TO RECOVER PAYMENT** | A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:<br>1. Whatever is necessary to enable us to exercise our rights; and<br>2. Nothing after loss to prejudice them.<br>(A release of the insurer of an underinsured motor vehicle does not prejudice our rights.)<br>However, our rights in this paragraph do not apply under Part D, against any person using **your covered auto** with a reasonable belief that person is entitled to do so.<br>B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:<br>1. Hold in trust for us the proceeds of the recovery; and<br>2. Reimburse us to the extent of our payment. (However, we may not claim the amount recovered from an insurer of any underinsured motor vehicle.) |
| **POLICY PERIOD AND TERRITORY** | A. This policy applies only to accidents and losses which occur:<br>1. During the policy period as shown in the Declarations; and<br>2. Within the policy territory.<br>B. The policy territory is:<br>1. The United States of America, its territories or possessions;<br>2. Puerto Rico; or<br>3. Canada.<br>This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports. |
| **TERMINATION** | A. **Cancellation.** This policy may be cancelled during the policy periods as follows:<br>1. The named insured shown in the Declarations may cancel by:<br>a. returning this policy to us; or<br>b. giving us advance written notice of the date cancellation is to take effect.<br>2. We may cancel by mailing at least 10 days notice to the named insured shown in the Declarations at the address shown in this policy.<br>3. After this policy is in effect for 60 days or if this is a renewal or continuation policy, we will cancel only:<br>a. if you submit a fraudulent claim; or<br>b. for nonpayment of premium; or<br>c. if your driver's license or motor vehicle registration or that of:<br>(1) any driver who lives with you; or<br>(2) any driver who customarily uses **your covered auto**<br>has been suspended or revoked. However, we will not cancel if you consent to the attachment of an endorsement eliminating coverage when **your covered auto** is being operated by the driver whose license has been suspended or revoked.<br>4. We may not cancel this policy based solely on the fact that you are an elected official.<br>B. **Non-renewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period. If the policy period is other than 1 year, we will have the right not to renew or continue it only at each anniversary of its original effective date. We will not refuse to renew because of a |

**C. Automatic Termination.** If, at any time, you obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**D. Other Termination Provisions.**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund promptly. The premium refund, if any, will be computed pro rata, subject to the policy minimum premium. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.
4. Any cancellation or restriction of coverage made without your consent will be of no effect, except as
   a. provided for in this Termination provision under:
      (1) Cancellation;
      (2) Non-renewal; or
      (3) Automatic Termination; or
   b. required by the Texas Department of Insurance.

| | |
|---|---|
| **TRANSFER OF YOUR INTEREST IN THIS POLICY** | **A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:<br>1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations.<br>2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**<br>**B.** Coverage will be provided until the end of the policy period.<br>**NOTE:** Refer to Medical Payments and/or Personal Injury Protection Coverages for Assignment of Benefits. |
| **TWO OR MORE AUTO POLICIES** | If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under one policy. |

## SPECIAL PROVISIONS APPLYING TO SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

### DIVIDEND PROVISION — PARTICIPATING COMPANIES

The named insured shall be entitled to participate in a distribution of the surplus of the Company, as determined by its Board of Directors from time to time, after approval in accordance with the provisions of the Texas Insurance Code, of 1951, as amended.

**In Witness Whereof**, the Southern Farm Bureau Casualty Insurance Company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

*Walter Duncan* Secretary                    *A. M. Ince Jr* President

## SPECIAL PROVISIONS APPLYING TO TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY

### MUTUALS - PARTICIPATION CLAUSE WITHOUT CONTINGENT LIABILITY

No Contingent Liability: This policy is non-assessable. The policyholder is a member of the Company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

### MUTUALS - MEMBERSHIP AND VOTING NOTICE

The insured is notified that by virtue of this policy, he is a member of the Texas Farm Bureau Mutual Insurance Company of Waco, Texas, and is entitled to vote either in person or by proxy at any and all meetings of said Company. The Annual Meetings are held in its Home Office, Waco, Texas, on the second Tuesday of January, in each year, at ten o'clock a.m.

In Witness Whereof, the Texas Farm Bureau Mutual Insurance Company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

*David R. Kubis II* Secretary-Treasurer                    *Bob S.* President

**SPECIAL PROVISIONS APPLYING TO TEXAS FARM BUREAU UNDERWRITERS**
**RECIPROCALS - SPECIAL DEFINITIONS AND PROVISIONS - PLAN OF OPERATION**

Wherever the words "Policy," "Insured," "Company," "Premium," and "President," occur herein they shall be taken and construed to mean "Contract," "Subscriber," "Reciprocal or Inter-Insurance Exchange," "Deposit," and "Attorney-in-Fact," respectively.

This policy is issued, as an Inter-Insurance Exchange, by Texas Farm Bureau Management Corporation, as Attorney-in-Fact for Texas Farm Bureau Underwriters in accordance with the powers vested in him by an agreement, executed by the subscribers.

**No Contingent Liability:** No policyholder in this Exchange incurs any liability other than Deposit Premium or Premium Paid, the Exchange having a free surplus in the amount defined by Article 19.03 of the Texas Insurance Code, of 1951, as amended, and in accordance with the Exchange's Articles of Agreement.

**Participation:** The insured is by virtue of this policy a member of the Exchange, subject to the Articles of Agreement, reference to which is had and shall be entitled to such unabsorbed premium or dividend as may be declared by the advisory committee, subject, however, to approval in accordance with the provisions of the Texas Insurance Code, of 1951, as amended.

**In Witness Whereof,** the subscribers at Waco, Texas, have caused these presents to be signed by their Attorneys-in-Fact, Texas Farm Bureau Management Corporation, Attorneys-in-Fact.

_David P. Kube II_ Secretary-Treasurer      _Bob S_____ President

The following endorsements apply only if indicated on the Declarations page.

## 565.  AUTO DEATH INDEMNITY AND TOTAL DISABILITY COVERAGES

We agree with you, subject to all the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

The Insurance afforded is only for the coverage for which a specific premium charge is shown in the Declarations, and only for the person or persons named.

**Coverage A — Death Indemnity**

We will pay the principal sum stated in the Declarations in the event of the death of the **person** which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while **occupying**, or through being struck by, an **auto**, provided the death shall occur (1) within ninety days after the date of the accident, or (2) within fifty-two weeks after the date of the accident and during a period of continuous total disability of the **person** for which weekly indemnity is payable under the Total Disability Coverage.

**Coverage B — Total Disability — Maximum 200 Weeks**

We will pay $60 per week for the period of continuous total disability of the **person** which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the **person** while **occupying**, or through being stuck by, an **auto**, provided:

1. Such disability shall commence within, and extend beyond, twenty days from the date of the accident.
2. Any disability shall be deemed total disability only if it shall continuously prevent the **person** from performing the usual duties of his or her regular occupation.
3. The weekly indemnity for total disability shall not extend beyond a period of 200 consecutive weeks from the date of commencement of disability as provided above.
4. If the **person** who is totally disabled is not gainfully employed at the time of the accident, the rate of indemnity payable shall only be $30 per week.
5. Weekly indemnity for total disability is payable to the **person** who is disabled and accrued weekly indemnity is payable every four weeks and any balance at termination of the disability period.

**Definitions** — With respect to this insurance:

"**auto**" means a land motor vehicle or trailer not operated on rails or crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle.

"**person**" or "**person named**" means the person named in the Declarations.

**Exclusions**

This insurance does not apply:

a. to bodily injury or death sustained by a **person** in the course of his or her occupation while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial auto, or (2) in duties incident to the repair or servicing of autos;

Page 14

   **b.** to loss caused by or resulting from ease except pus forming infection which sh:~ :cur through bodily injury to which this insurance applies;

   **c.** to suicide, sane or insane, or to any attempt thereat;

   **d.** to injury or death due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing.

### Conditions

**1. Policy Provisions:** None of the Insuring Agreement, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except General Duties under "Duties After an Accident or loss" and the General Provisions entitled "Policy Period and Territory", "Changes", "Legal Action Against Us" and "Termination".

**2. Death of Person Named:** If the **person** dies, any insurance afforded by this endorsement for any surviving **person** continues while the policy is in effect.

**3. Payment of Death Indemnity; Autopsy—Coverage A:** If the decedent **person** is survived by a spouse who was a resident of the same household at the time of the accident, Death Indemnity is payable to such spouse; otherwise, if the decedent **person** was a minor, indemnity for death is payable to any parent thereof who was a resident of the same household at the time of the accident, otherwise Death Indemnity is payable to the estate of the decedent **person**. We shall have the right and opportunity to make an autopsy where it is not forbidden by law.

**4. Beneficiary—Coverage A:** Consent of beneficiary is not requisite to cancelation, assignment, change of beneficiary, or any other change in the policy or in this endorsement.

---

## 528A. LOSS PAYABLE CLAUSE—MODIFIED

Loss or damage under Coverage for Damage to Your Auto shall be paid as interest may appear to you and the loss payee shown in the declarations. This insurance covering the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions, unless the loss results from your conversion, secretion or embezzlement of **your covered auto**. However, we reserve the right to cancel the policy as permitted by policy terms. Notice of the cancellation mailed to the loss payee at least ten days prior to the date the coverage for the loss payee will end terminates this agreement.

The insurance covering the loss payee's interest as specified in this loss payable clause will continue for subsequent policy periods regardless of any policy expiration date shown on the declarations until we mail notice to the loss payee at least ten days prior to the date the coverage for the loss payee will end.

If you cancel the policy as permitted by policy terms we agree to mail notice of the cancellation to the loss payee at least ten days prior to the date the coverage for the loss payee will end. In any event, your coverage ends on the date of your cancellation.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

---

## 573A. SUPPLEMENTARY DEATH BENEFIT

Coverage under this endorsement is provided and payable only when other benefits are paid or payable under: Personal Injury Protection Coverage, Medical Payments Coverage and/or Auto Death Indemnity as afforded by this policy. This coverage is subject to the provisions of Personal Injury Protection Coverage, Medical Payments Coverage and/or Auto Death Indemnity except as limited by this endorsement.

It is agreed that Medical Payments Coverage, Personal Injury Protection Coverage and/or Auto Death Indemnity are extended to add the following:

| | |
|---|---|
| **INSURING AGREEMENT AND LIMIT OF LIABILITY.** | We will pay a supplementary death benefit equal to the limit shown for the applicable coverages but not more than $10,000 per person because of death: <br><br>   **1.** Caused by an auto accident; and <br>   **2.** Sustained by a **covered person** while wearing a **seat belt** or protected by an **airbag**. <br><br> We will pay benefits only if an auto accident was the proximate cause of death occurring within three years of the date of such accident. However, under Auto Death Indemnity, death must occur within one year of the date of such accident. |
| **PROOF OF CLAIM.** | We will pay benefits under this endorsement if the **beneficiary** gives us proof of death of the **covered person** along with a police report or other proof, that the **covered person** at the time of the auto accident, was wearing a **seat belt** or protected by an **airbag**. |
| **OTHER COVERAGE PROVIDED BY THIS POLICY.** | Any amounts payable under this endorsement shall not be reduced by any other amounts paid or payable under this policy. |
| **DEFINITIONS.** | "Covered Person" as used in this endorsement means the same as **"Covered Person"** as defined in the applicable Medical Payments Coverage and/or Personal Injury Protection Coverage. It also means the person or persons designated in Auto Death Indemnity if afforded. <br><br> **"Seat Belt"** means manual or automatic safety belts or seat and shoulder restraints or a child restraint device. |

"**Airbag**" is a functioning airbag designed to protect the occupant of a seat in an auto.

"**Beneficiary**" means (in order of priority of payment):

1. the surviving spouse if a resident in the same household as the deceased at the time of the accident, or
2. if the deceased is an unmarried minor, either of the surviving parents who had legal custody at the time of the accident, or
3. the estate of the deceased.

---

## 551. MEXICO COVERAGE—LIMITED

**WARNING**

**READ THIS ENDORSEMENT CAREFULLY!**

Auto accidents in Mexico are subject to the laws of Mexico only—NOT the laws of the United States of America. Unlike the United States, the Republic of Mexico considers an auto accident a **CRIMINAL OFFENSE** as well as a civil matter.

In some cases, the coverage under this endorsement may NOT be recognized by Mexican authorities and the company may not be allowed to implement this coverage at all in Mexico. You should consider purchasing auto coverage from a licensed Mexican Insurance Company before driving into Mexico.

This endorsement does not apply to trips into Mexico that exceed 25 miles from the boundary of the United States of America.

The coverages for **your covered auto** provided by this policy are extended to accidents occurring in Mexico within 25 miles of the United States border. This extension only applies for infrequent trips into Mexico that do not exceed ten days at any one time.

**Additional Exclusions**

We do not provide any coverage:

1. if **your covered auto** is not principally garaged and used in the United States; and
2. to any **covered person** who does not live in the United States.

**Special Conditions**

1. Other Insurance. The insurance we provide by this endorsement will be excess over any other collectible insurance.
2. Losses Payable Under Coverage for Damage to Your Auto. We will pay losses under Coverage for Damage to Your Auto in the United States, not in Mexico. If **your covered auto** must be repaired in Mexico in order to be driven, we will not pay more than the actual cash value of such loss at the nearest United States point where the repairs can be made.

---

## 522A. COVERAGE FOR DAMAGE TO YOUR AUTO — SPECIFIED CAUSES OF LOSS

We will pay for direct and accidental loss to **your covered auto** including its equipment, less any applicable deductible, caused by the following specified causes of loss:

(a) fire, lightning or explosion;
(b) theft;
(c) the sinking, burning, collision or derailment of any vessel or vehicle in or upon which your auto is being transported;
(d) windstorm, hail or earthquake;
(e) flood;
(f) mischief or vandalism;*
(g) collision.

However, we will pay for loss caused by collision only if the declarations indicate that Collision Coverage is provided.

The provisions and exclusions that apply to Coverage for Damage to Your Auto also apply except as amended by this endorsement.

*$25 Deductible applies to Mischief or Vandalism.

---

## 583B. MISCELLANEOUS TYPE VEHICLE ENDORSEMENT

**WARNING**

IF THIS POLICY PROVIDES COVERAGE FOR A MOTORHOME THAT YOU OWN:

IT DOES NOT PROVIDE LIABILITY COVERAGE, MEDICAL PAYMENTS COVERAGE, OR COVERAGE FOR DAMAGE TO YOUR AUTO WHILE THE MOTORHOME IS RENTED OR LEASED TO ANY ORGANIZATION, OR ANY PERSON OTHER THAN YOU OR A FAMILY MEMBER.

The policy is amended in the following respects:

## I.   DEFINITIONS

For the purpose of the coverage provid  y this endorsement:

"**Miscellaneous Type Vehicle**" means golfmobiles, pickup trucks used solely to transport camper bodies, motorhomes, motorcycles, motorscooters, motorbikes, all terrain vehicles and similar motor vehicles.

The following definitions are amended as shown below:

"**Trailer**" means a vehicle designed to be pulled by a:

1.   private passenger auto;
2.   pickup, panel truck or van; or
3.   any **miscellaneous type vehicle** shown in the Declarations. It also means a farm wagon or farm implement while towed by a vehicle listed above.

"**Your covered auto**" means:

1.   any vehicle shown in the Declarations;
2.   any of the following types of vehicles on the date you became the owner:
     a.   a private passenger auto;
     b.   a pickup, panel truck or van with a G.V.W. of 10,000 lbs. or less used not for the delivery or transportation of goods, materials or supplies other than samples; unless, (1) the delivery of goods, materials or supplies is not the primary usage of the vehicle, (2) used for farming or ranching.
     c.   a **miscellaneous type vehicle** of the same type or kind as that shown in the Declarations.
     This provision applies only if you:
     a.   acquire the vehicle during the policy period; and
     b.   notify us within 30 days after you become the owner.
     If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must notify us of a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.
     If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
3.   Any **trailer** you own.
4.   Any **miscellaneous type vehicle** (of the same type as that shown in the declarations) or **trailer** you do not own while used as a temporary substitute for any other vehicle described on this definition which is out of normal use because of its
     a.   breakdown;
     b.   repair;
     c.   servicing;
     d.   loss; or
     e.   destruction.

## II.   PART A LIABILITY COVERAGE

Section A., Exclusions 3. and 7. are amended to read as follows:

A.   We do not provide Liability Coverage for any person:
     3.   For damage to property:
          a. rented to;
          b. used by; or
          c. in the care of;
          that person.
          This exclusion does not apply to damages to:
          a. a residence or private garage; or
          b. any of the following type vehicles not owned by or furnished or available for the regular use of you or any **family member**:
             (1) private passenger autos;
             (2) **trailers**;
             (3) pickups, panel trucks or vans; or
             (4) any **miscellaneous type vehicle** of the same type shown in the Declarations.
     7.   Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:
          a. private passenger auto;
          b. pickup, panel truck or van that you own;
          c. any **miscellaneous type vehicle** of the same type shown in the Declarations;
          d. **trailer** used with a vehicle described in a., b. or c. above.

Exclusion B.1. is replaced by the following:

Any motorized vehicle having less than four wheels. However, this exclusion does not apply to motorized vehicles having less than four wheels if it is insured for Liability coverage under this endorsement.

Exclusion B.4. is added to read as follows:

~~4.   Any motorhome which is **your covered auto** while rented or leased to any organization, or any person other than you or a **family member**.~~

## III.   PART B1 — MEDICAL PAYMENTS

Exclusion 1. of Part B. is replaced by the following:

Sustained while **occupying** any motorized vehicle having less than four wheels. However, this exclusion does not apply to a motorized vehicle having less than four wheels if it is insured for Medical Payments Coverage under this endorsement.

Exclusion 8. is amended to read as follows:

8. Sustained while **occupying** vehicle when it is being used in the busin or occupation of a **covered person**.
   This exclusion does not apply to bodily injury sustained while **occupying** a:
   a. private passenger auto;
   b. vehicle of any other type which is **your covered auto**; or
   c. **trailer** used with a vehicle described in a. or b. above.
   Exclusion 11. is added to read as follows:
11. Sustained while **occupying** any motorhome which is **your covered auto** while it is rented or leased to any organization, or any person.
   This exclusion does not apply to:
   a. You or any **family member**.
   b. Any other person while **occupying your covered auto** during your or a **family member's** operation of the auto.

## IV. PART B2 — PERSONAL INJURY PROTECTION COVERAGE

Add Exclusion 6.

6. While any motorhome which is **your covered auto** is rented or leased to any organization, or any person.
   This exclusion does not apply to;
   a. You or any **family member**.
   b. Any other person while **occupying your covered auto** during your or a **family member's** operation of the auto.

## V. PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE

Add Exclusions 7. and 8.

7. Sustained while **occupying** any motorhome which is **your covered auto** while it is rented or leased to any organization, or any person.
   This exclusion does not apply to:
   a. You or any **family member**.
   b. Any other person while **occupying your covered auto** during your or a **family member's** operation of the auto.
8. We do not provide Uninsured/Underinsured Motorists Coverage for Property Damage:
   Occurring while your motorhome is rented or leased to any organization, or any person.
   This exclusion does not apply when you or any family member is operating the auto.

## VI. PART D. COVERAGE FOR DAMAGE TO YOUR AUTO - is amended as follows:

Exclusion 8 is amended to read:

8. When in or upon any motorhome or **trailer**, loss to:
   a. TV antennas;
   b. awnings or cabanas; or
   c. equipment designed to create additional living facilities.

Add Exclusions 11. and 12.

11. Loss to any motorhome or its covered property which occurs while the motorhome is rented or leased to any organization or any person other than you.
12. Loss to any motorhome or its covered personal property due to fraudulent acquisition by any person or organization which occurs while the motorhome is:
   a. rented to;
   b. used by; or
   c. in the care of;
   that person or organization.

| **Important Notice** | **STATE OFFICES** | |
|---|---|---|
| Don't fail to notify the State Office of the Company, or its duly authorized agent, of EVERY ACCIDENT, HOW-EVER SLIGHT, IMMEDIATELY upon its occurrence. | ARKANSAS | Farm Bureau Mutual Ins. Co. of Arkansas, Inc. Farm Bureau Center Little Rock, Arkansas 72211 501 224-4400 |
| | LOUISIANA | Louisiana Farm Bureau Mutual Insurance Co. P.O. Box 15361 Broadview Station Baton Rouge, La. 70895 504 926-1944 |
| If accident is fatal or involves SERIOUS INJURY, TELEGRAPH or TELEPHONE at Company's expense, giving date of inquest if one is to be held. | | |
| | MISSISSIPPI | Mississippi Farm Bureau Mutual Insurance Co. P.O. Box 1972 Jackson, Miss. 39205 601 948-7401 |
| DO NOT DELAY sending in notice because unable to give all the information desired; send a complete notice later. | SOUTH CAROLINA | South Carolina Farm Bureau Mutual Insurance Co. P.O. Box 124 Cayce, S. Carolina 29033 803 796-6700 |
| IF YOUR CAR IS STOLEN notify immediately all officers in your vicinity. ALSO IMMEDIATELY NOTIFY THE STATE OFFICE OF THIS COMPANY, giving a complete description of the car, including license number and special marks of identification. | TEXAS | Texas Farm Bureau Mutual Insurance Co. P.O. Box 2689 7420 Fish Pond Road Waco, Texas 76702-2689 817 772-3030 |